**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                  :
MICHAEL BOZZELLI,                 :    CIVIL ACTION
            Petitioner,           :
                                  :
        v.                        :    NO. 07-3530
                                  :
EDWARD KLEM, et al.,              :
            Respondents.          :
_____:

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

        Presently before the Court is a <u>pro se</u> Petition for
Writ of Habeas Corpus filed by the Petitioner, Michael Bozzelli
("Petitioner"), pursuant to 28 U.S.C. section 2254.  The
Petitioner is currently incarcerated in the State Correctional
Institution at Mahanoy located in Frackville, Pennsylvania.  For
the reasons that follow, it is recommended that the Petition
should be denied with prejudice and dismissed without an
evidentiary hearing.

**I.      PROCEDURAL HISTORY**.[1]

        On February 9, 1989, Petitioner was convicted following
a bench trial by the Honorable Lynn Abraham of the Court of
Common Pleas of Philadelphia County.  The court found Petitioner
guilty of one count of first degree murder, possession of an
instrument of crime, robbery, theft by unlawful taking, and

_____

        [1]This information is taken from the Petition for Writ of
Habeas Corpus, the Response, the Reply, and the exhibits to those
documents.

unauthorized use of an automobile.[2]  Petitioner's post-trial
motions were denied, and he was sentenced to a mandatory term of
life imprisonment for the murder conviction, a consecutive term
of ten to twenty years imprisonment for the robbery conviction,
and a term of five years probation for the remaining offenses to
be served consecutive to the prison terms.  Petitioner filed a
direct appeal, and the Pennsylvania Superior Court affirmed the
conviction in an unpublished memorandum on August 31, 1990.
Resp., Ex. A; Commonwealth v. Bozzelli, 581 A.2d 969 (Pa. Super.
1990)(table).  The Pennsylvania Supreme Court denied the
allowance of appeal on January 10, 1991.  Commonwealth v.
Bozzelli, 590 A.2d 294 (Pa. 1991)(table).

     On May 18, 1994, Petitioner filed his first pro se
petition pursuant to the Pennsylvania Post-Conviction Relief Act
("PCRA").  See 42 Pa. C.S.A. § 8541, et seq.  Counsel was
appointed, and on December 8, 1994, counsel filed a no-merit
letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa.
1998) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).
On January 12, 1995, the PCRA court dismissed the petition.
Petitioner did not appeal the PCRA court's dismissal of his

---

     [2]On November 28, 1987, Petitioner went to the resident
manager's office of the Patio Hotel in Northeast Philadelphia,
where Petitioner was a long-term resident.  Using several knives,
he brutally stabbed the manager sixty-six times in her face,
head, neck, arms, hands, trunk and abdomen.  He emptied the cash
box and fled in the victim's car.

petition.

On August 24, 2004, Petitioner filed a second pro se
PCRA petition.  On February 10, 2005, the PCRA court dismissed
the petition as untimely.  Petitioner appealed this decision in
the Pennsylvania Superior Court, and that court affirmed the
dismissal in an unpublished opinion on April 12, 2006.  Resp.,
Ex. B; Commonwealth v. Bozzelli, 902 A.2d 973 (Pa. Super. 2006).

On August 19, 2007, Petitioner signed his federal
habeas petition, which is the subject of this Report and
Recommendation.  The Clerk of Court docketed the Petition on
August 24, 2007.[3]  The Honorable Edmund V. Ludwig referred this
case for preparation of a Report and Recommendation on November
16, 2007.  Respondents were ordered to file a Response to the
Petition on November 20, 2007.  In their Response filed January
3, 2008, Respondents contend that the Petition is time-barred,
that the principles of equitable tolling do not apply to excuse
the untimeliness of the Petition, and that this case should be
dismissed with prejudice and without an evidentiary hearing.
Petitioner's Reply to the Response was mailed on January 22,
2008.

---

[3]Pursuant to the prison mailbox rule, the date of the
Petition's filing is considered August 19, 2007.  Burns v.
Morton, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed
on date petitioner gave petition to prison officials to mail).

II.    **DISCUSSION**.

   Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.[4]  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  In this case, the applicable starting point to examine the limitations period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1).  If direct review of a criminal conviction ended before the AEDPA's effective date, a prisoner had one year after April 24, 1996, the date of the AEDPA's enactment, to properly file a habeas action, or until April 23, 1997.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

---

  [4]Respondents' counsel correctly notes that the one-year time limitation provisions for filing a federal habeas petition have been in effect for over ten years.  These provisions amended the federal habeas statute by an Act of Congress.  Since these amendments were enacted, the federal habeas statute is now referred to as AEDPA, even though that act also amended statutory provisions other than the federal habeas statute.  Resp., p. 4.

Because Petitioner's judgment of sentence became final in 1991, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on April 24, 1996, and expired on April 23, 1997.  This Petition was filed in 2007, therefore it is time-barred by ten years.  Because the AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling, the Court will examine whether the Petition may be considered timely filed under both concepts. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

A.    Statutory Tolling.

The limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  Neither of Petitioner's PCRA petitions toll the statute of limitation period in this case.  Petitioner filed his first PCRA petition in 1994 and it became final in 1995, prior to the beginning of his one-year limitation period pursuant to the AEDPA.  Following the expiration of the one-year limitation period, Petitioner filed his second PCRA petition which was dismissed as untimely.  The untimely PCRA petition did not toll the one-year AEDPA limitations period.  Pace, 544 U.S.

5

at 417.  Statutory tolling of the one-year time period does not apply in this case.  The Petition is still time-barred by ten years.

      B.     <u>Equitable Tolling</u>.

      This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled.  <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002), <u>cert.</u> <u>denied</u>, 540 U.S. 826 (2003)(citation omitted).  The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient."  <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998)(quoting <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997) and citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).

      Courts must be sparing in their use of equitable tolling.  <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999).  The limitations period will be equitably tolled "only when the principle of equity would make the rigid application of a limitations period unfair."  <u>Satterfield v.</u>

Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  For equitable tolling to apply, the Third Circuit has held that the petitioner has the burden to show he "diligently pursued his rights and that some extraordinary circumstance stood in his way."  Satterfield, 434 F.3d at 195. The Third Circuit has identified three circumstances in which equitable tolling may apply: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Id.  Petitioner does not claim the state misled him or he timely asserted his rights in the wrong forum; he must therefore demonstrate extraordinary circumstances prevented him from asserting his rights.  LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005).

In his Reply to the Response, Petitioner ignores his burden to provide information regarding his dilatory actions in filing this Petition.  Petitioner erroneously contends that because the Respondents raise the procedural issue of timeliness, they have conceded any arguments regarding the merits, or lack thereof, of Petitioner's constitutional claims.  Petitioner fails

to allege any steps that he took to timely file the instant federal habeas petition.  Equitable tolling does not apply in this case to render the instant Petition timely.  The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

          C.      <u>Certificate of Appealability</u>.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  It is statutorily barred, and equitable tolling does not apply to this Petition.

For all of the above reasons, I make the following:

## **<u>RECOMMENDATION</u>**

AND NOW, this 25th  day of January, 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


_/s/ Henry S. Perkin_
HENRY S. PERKIN
United States Magistrate Judge